**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | CRIMINAL ACTION |
| v.  ) | |
| ) | No. 06-20021-01-KHV |
| HECTOR MOREIRA,  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On October 4, 2007, the Court sentenced defendant to life in prison. This matter is before the Court on defendant's Motion For Sentence Reduction (Doc. #751) filed June 17, 2016. Defendant asks the Court to resentence him under Amendments 782 and 788 to the United States Sentencing Guidelines ("U.S.S.G.")[1] and in light of the Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015).[2]

This Court previously determined that defendant is not eligible for relief under Amendment 782 because his offense level remains the same under the amended guidelines. See Order (Doc. #750) filed November 5, 2015 at 1. On July 21, 2016, the Tenth Circuit Court of Appeals denied defendant authorization to file a second or successive motion to vacate sentence under Johnson. See Order (Doc. #753). The Tenth Circuit found that defendant failed to make a prima facie showing that he is entitled to authorization based on the new rule of law announced in Johnson.

A federal district court may modify a defendant's sentence only where Congress has expressly

---

[1] Amendment 782 lowered the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1. Amendment 788 made changes in Amendment 782 retroactive.

[2] In Johnson, the Supreme Court held that the residual clause portion of the "violent felony" definition under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine.

authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2). None of these exceptions apply here. Defendant has not cited any statute which authorizes the Court to modify his sentence.[3] Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's Motion For Sentence Reduction (Doc. #751) filed June 17, 2016 is **DISMISSED**.

Dated this 1st day of August, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3] As noted above, neither Amendment 782 nor Johnson permit the Court to resentence defendant.