# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> HECTOR MOREIRA, ) <br> ) <br> **Defendant.** ) <br> _____ ) | CRIMINAL ACTION <br><br> No. 06-20021-01-KHV |

## MEMORANDUM AND ORDER

On October 5, 2007, the Court sentenced defendant to life in prison. This matter is before the Court on defendant's Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #815) filed December 11, 2023. For reasons stated below, the Court sustains defendant's motion in part and reduces his sentence to 292 months in prison.

## Factual Background

On March 20, 2007, defendant pled guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, 500 grams or more of cocaine, and a detectable amount of marijuana, possession with intent to distribute and distribution of 50 grams or more of methamphetamine, distribution of five grams or more of methamphetamine, possession with intent to distribute 500 grams or more of cocaine and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), (b)(1)(A)(viii), (b)(1)(D), 846 and 18 U.S.C. § 2. Because defendant pled guilty to an offense under 21 U.S.C. § 841(b)(1)(A), he faced a statutory range of 10 years to life in prison. See 21 U.S.C. § 841(b)(1)(A)(viii). The Court attributed 4.89 kilograms of actual methamphetamine to defendant for a base offense level of 38 under the United States Sentencing Guidelines

("U.S.S.G.") § 2D1.1(c)(1).  See Presentence Investigation Report ("PSR"), ¶ 91.  The Court applied a two-level enhancement because defendant possessed a firearm, a four-level enhancement because defendant was an organizer or leader of criminal activity that involved five or more participants and a two-level enhancement for obstruction of justice because defendant recklessly created a substantial risk of death or serious bodily injury to another person while fleeing from law enforcement.  Id., ¶¶ 92, 94, 95.  Despite the Court's application of an enhancement for obstruction of justice, it granted defendant a two-level reduction for acceptance of responsibility.  Id., ¶ 97.  The total calculated offense level was 44, but the Sentencing Guidelines do not include ranges for offense levels above 43.  Id., ¶ 101.  Based on a total offense level of 44 and a criminal history category I, defendant's guideline range was life in prison.  Id., ¶ 123.  On October 5, 2007, the Court sentenced defendant to life in prison.  Defendant appealed, and the Tenth Circuit affirmed.  See Mandate (Doc. #589).  On March 17, 2009, the United States Supreme Court denied a writ of certiorari.  See Letter (Doc. #605).

Under the compassionate release statute, defendant asks the Court to reduce his sentence to 180 months because (1) he received an unusually long sentence, (2) his case is similar to the case of Juan Mata Soto (D. Kan. No. 08-20160-01-KHV) who received a sentence reduced from life to 240 months, (3) he is ineligible for good-time credits because of his alien status, (4) he was young at the time of the offense, (5) the law now recognizes that young individuals are less culpable, (6) he had no criminal history and (7) he has shown rehabilitation in prison.  The government concedes that the Court should reduce defendant's sentence but argues that a sentence of 300 months is sufficient but not greater than necessary to satisfy the statutory factors under 18 U.S.C. § 3553(a).

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons ("BOP") or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c).  Under the First Step Act of 2018, 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).[1]

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence.  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).

I.     **Extraordinary And Compelling Reasons For A Reduced Sentence**

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release.  See McGee, 992 F.3d at 1044,

---

[1] The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to the BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  The government does not dispute that defendant has exhausted administrative remedies.

1048.  In the context of the compassionate release statute, "extraordinary" means "exceptional to a very marked extent."  United States v. Ford, 536 F. Supp. 3d 848, 853 (D. Kan. 2021) (quotations and citations omitted).  "Compelling" means "tending to convince . . . by forcefulness of evidence."  Id.  The government concedes that after full consideration of defendant's individualized circumstances, he has shown that a reduction in his sentence is appropriate.[2]  Government's Response To Defendant's Motion For Compassionate Release (Doc. #817) at 13.  Likewise, the Court finds extraordinary and compelling reasons for a reduced sentence because (1) defendant received an unusually long sentence, (2) he is ineligible for good-time credits because of his alien status, (3) he was young at the time of the offense, which also suggests that he was relatively less culpable than an average adult offender, (4) he had no criminal history before the offenses in this case and (5) he has shown remarkable rehabilitation in prison.  See Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #815) at 2–11.

**II.     Whether A Reduced Sentence Is Consistent With Commission's Policy Statement**

On November 1, 2023, the Sentencing Commission issued an applicable policy statement for motions for compassionate release filed by defendants.  U.S.S.G. § 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement).  Under the policy statement, the Sentencing Commission has determined that extraordinary and compelling reasons

---

[2]     The government apparently asserts that defendant is entitled to a reduced sentence under subsection (6) of the policy statement.  Government's Response To Defendant's Motion For Compassionate Release (Doc. #817) filed December 17, 2023 at 13.  As the government notes elsewhere in its response brief, however, defendant has not shown a gross disparity between his current sentence of life in prison and the sentence likely to be imposed today.  Id. at 11.  Defendant therefore does not qualify for relief under subsection (6).

exist if defendant establishes any one or combination of the following circumstances: (1) he has certain medical conditions; (2) he is at least 65 years old and has experienced a serious deterioration in health; (3) he has family circumstances which require him to act as a caregiver; (4) he was a victim of sexual or physical abuse by or at the direction of a correctional officer or other individual who had custody of him; (5) any other circumstances or combination of circumstances that when considered by themselves or together with any of the first four categories, are similar in gravity to the circumstances described in those four categories; and (6) a change of law if defendant has served ten years of an unusually long sentence and the change would produce a gross disparity between the sentence being served and the sentence likely to be imposed today.  U.S.S.G. § 1B1.13(b)(1)–(6).

Under the catch-all provision of the policy statement, the Court has discretion to find extraordinary and compelling reasons based on "any other circumstances or combination of circumstances that when considered by themselves . . . are similar in gravity to the circumstances described in those four categories."  U.S.S.G. § 1B1.13(b)(5).  In this context, "gravity" ordinarily is defined as "a serious situation or problem."  Merriam-Webster Online Dictionary, available at www.merriam-webster.com/dictionary/gravity; see also Cambridge Online Dictionary, available at https://dictionary.cambridge.org/us/dictionary/english/gravity (gravity defined as "seriousness").

The particular circumstances described in the first four categories of the policy statement are quite limited, i.e. defendant's medical circumstances such as a terminal illness, defendant's advanced age and serious deterioration in health, defendant's family circumstances which require him to act as a caregiver and defendant's status as a victim of sexual or physical abuse by a

custodian. Even so, the Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' [under subsection (5) must] be similar in *nature and consequence* to the specified reasons" in the first four subsections. U.S. Sentencing Comm'n, Amendments to Sentencing Guidelines, Effective Date November 1, 2023, at 4–5 (Apr. 27, 2023) (emphasis added), available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf; see id. at 5 (Commission declines to "predict and specify in advance all of the grounds on which relief may be appropriate"). In doing so, the Commission recognized that after review of numerous district court decisions which granted sentence reductions on dozens of reasons and combinations of reasons, judges are "in a unique position to determine whether the circumstances warrant a reduction." Id. at 5 (quoting U.S.S.G. § 1B1.13 n.4 (Nov. 1, 2021 ed.)). In sum, the catch-all exception of subsection (5) broadly applies to any extraordinary and compelling reason of similar gravity (i.e. seriousness) to the circumstances of the first four categories even if the reason is not similar in nature and consequence to the specified circumstances in those categories.[3]

Here, the following reasons collectively are of similar gravity to the circumstances presented in the first four categories of the policy statement: (1) defendant received an unusually

---

[3]   See United States v. Courtway, No. 18-CR-4687-DMS-1, 2023 WL 8772931, at *7 (S.D. Cal. Dec. 19, 2023) (under policy statement, district court has "substantial discretion" to determine what constitutes circumstance or combination of circumstances "similar in gravity" to those listed in first four subsections); United States v. Brown, No. CR JKB-08-00415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023) (catchall exception maintains broad discretion conferred on district courts to consider "wide array" of extraordinary and compelling justifications); United States v. Gaither, No. 5:19-00012-KDB-DSC-1, 2023 WL 7726622, at *2 (W.D.N.C. Nov. 15, 2023) (new policy statement largely preserves discretion district courts held to consider any extraordinary and compelling reason for release). But cf. United States v. Carter, No. CR 07-374-1, 2024 WL 136777, at *9 (E.D. Pa. Jan. 12, 2024) (reasons enumerated in subsections (1)–(4) are truly "grave" scenarios falling outside experience of nearly all federal inmates).

long sentence, (2) he is ineligible for good-time credits because of his alien status, (3) he was young at the time of the offense, which also suggests that he was relatively less culpable than an average adult offender, (4) he had no criminal history before the offenses in this case and (5) he has shown remarkable rehabilitation in prison.

### III.   Section 3553(a) Factors

Next, the Court must determine whether a sentence reduction is warranted, and the extent of any reduction, under the applicable factors set forth in 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3582(c)(1)(A).  The Court considers the nature and circumstances of the offense, defendant's personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of the defendant, any threat to public safety and the need to avoid unwanted sentence disparities among defendants with similar records who are convicted of similar conduct.  See 18 U.S.C. § 3553(a).  Defendant asks for a sentence of 180 months.  The government argues that the Court should reduce defendant's sentence to 300 months.

Defendant's proposed sentence of 180 months is inconsistent with the seriousness of his offense, the need for deterrence and the need to protect the public.  In particular, defendant committed a significant drug trafficking offense.  As part of the offense conduct, defendant was responsible for 4.89 kilograms of actual methamphetamine.  See PSR, ¶ 91.  He also received sentencing enhancements for possession of a firearm and being an organizer or leader of criminal activity that involved at least five participants.  Id., ¶¶ 92, 94.  Defendant obstructed justice by recklessly creating a substantial risk of death or serious bodily injury to another person while fleeing from a law enforcement officer.  Id., ¶ 95.  Defendant's calculated offense level was 44, which is greater than the maximum of 43 under the Sentencing Guidelines.  Id., ¶ 101.

Even so, the Court finds that 292 months is sufficient, but not greater than necessary, to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide defendant needed treatment in the most effective manner. See 18 U.S.C. § 3553(a)(2)(A)–(D). Defendant has no prior criminal history. The next most culpable defendant in the methamphetamine conspiracy was Kenet Del Cid-Rendon, who received a sentence of 292 months. In prison, despite serving a life sentence, defendant has achieved remarkable success. He obtained his GED and has completed many courses in various subjects. Defendant has no serious disciplinary reports. His work history during prison has been outstanding. He learned to become a plumber and has been the lead plumber at USP Terre Haute for some 13 years. His supervisors note that he has a positive attitude and uncompromising work ethic. During the COVID-19 crisis, defendant worked under stressful conditions to perform numerous plumbing repairs, often after normal working hours or on weekends. He has earned multiple cash award bonuses for his work which his supervisors note has saved BOP thousands of dollars in staff overtime. His letters of support from BOP employees reflect a consensus that he is unlikely to return to his past criminal behavior. Defendant has family support and if released, he plans to care for his ailing father in Guatemala. Although defendant received an enhancement for possession of a firearm, he does not appear to pose a danger to society upon release. On balance, the factors under Section 3553(a) support a reduced sentence of 292 months.

In addition, after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7), the Court imposes a term of supervised release of ten years. See 18 U.S.C. § 3582(c)(1)(A) (court may impose a term of supervised release that does not exceed the unserved portion of the original term of imprisonment). The

Court imposes the mandatory and standard conditions of supervised release as adopted by the District of Kansas and special conditions of supervision as set forth in Part D of the <u>Presentence Report</u>. Because defendant is unlawfully in the United States and has a history of substance abuse, the special conditions that he follow the directives of the United States Immigration and Customs Enforcement and participate in substance abuse treatment are appropriate. Unless United States Immigration and Customs Enforcement detains defendant for deportation, within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report to the U.S. Probation Office in the District in which he is released. While on supervised release, defendant shall comply with the mandatory and standard conditions adopted by this Court and the special conditions of supervision as set forth in Part D of the <u>Presentence Report</u>.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i)</u> (Doc. #815) filed December 11, 2023 is **SUSTAINED in part**. **The Court reduces defendant's sentence from life to 292 months in prison and ten years of supervised release. Unless United States Immigration and Customs Enforcement detains defendant for deportation, within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report to the U.S. Probation Office in the District in which he is released. While on supervised release, defendant shall comply with the mandatory and standard conditions adopted by this Court and the special conditions of supervision as set forth in Part D of the <u>Presentence Report</u>. Except as modified above, all other terms and conditions of the <u>Judgment In A Criminal Case</u> (Doc. #427) filed October 5, 2007, shall remain in effect.**

Dated this 31st day of January, 2024 at Kansas City, Kansas.

                                            <u>s/ Kathryn H. Vratil</u>
                                            KATHRYN H. VRATIL
                                            United States District Judge